IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| REPUBLIC BANK,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>AMTEC PRECISION PRODUCTS, INC.,<br>Defendant. | MEMORANDUM DECISION AND<br>ORDER ON CROSS MOTIONS TO<br>AMEND AND ALTER JUDGMENT<br><br><br><br><br>Case No. 1:06-CV-112 |

This matter comes before the Court on cross Motions to Alter or Amend the Judgment. For the reasons discussed below, both Motions to Amend or Alter Judgment will be granted in part and denied in part.

I.  Background Facts

This action is based upon claims of breach of contract and several agreements entered into between Defendant AMTEC ("Defendant") and Third-Party Defendant Mazuma ("Third-Party Defendant").  Plaintiff Republican Bank ("Plaintiff") is the successor in interest to Third Party-Defendant.

This Court granted in part Plaintiff's and Third-Party Defendant's Motion for Summary

Judgment.  In the Order,[1] dated July 27, 2007, this Court detailed the following damages owed by Defendant:

     1)  the entire amount of Progress Payments made or $875,455.40;

     2)  Progress Payment Charges in the amount of $514,013.17;

     3)  Illinois State Sales Tax in the amount of $37,466.00;

     4)  Attorneys' fees in the amount of $11,606.10;

     5)  less the security deposit amount of $218,864;

totaling $1,198,855.75.

## II. Procedural History

Plaintiff and Third-Party Defendant request three changes in the judgment entered: (1) correct the mathematical error in the total amount owed; (2) include the accrual of post-judgment interest at the contract rate; and (3) include attorney's fees incurred between filing of summary judgment motion and entry of judgment.  Defendant does not dispute the mathematical error or the additional attorney's fees.  Defendant filed a Motion to Alter or Amend the Judgment requesting two changes: (1) apply AMTEC's Final Month Rent Deposit of $59,021.40 to reduce the total judgment amount; and (2) apply AMTEC's Security Deposit of $218,864.00 to the then outstanding Progress Payments as of the date of the notice of the notice of default, June 30, 2006. Plaintiff and Third-Party Defendant do not dispute the application of AMTEC's Final Month Rent Deposit.

## III.  Discussion

### A.  Stipulated Changes

---

[1]Docket No. 39.

2

All parties stipulate that judgment should be reduced by the amount of AMTEC's Final Month Rent Deposit. Defendant does not dispute the mathematical error or the inclusion of additional attorneys' fees. Therefore, the Court finds these changes are also stipulated. All three changes will be reflected in the amended judgment.

B.  Disputed Changes

Two changes in judgment remain in dispute. First, Defendant disputes the inclusion of post-judgment interest at the rate argued by Plaintiff and Third-Party Defendant. Second, Plaintiff and Third-Party Defendant dispute that the security deposit should be applied to the outstanding Progress Payments on the date of default. Each is discussed in turn below.

1. *Post-Judgment Interest*

Plaintiff and Third-Party Defendant contend that judgment should be altered to include post-judgment interest at the contractually-agreed upon rate.[2] They contend that the interest agreed upon is the daily Progress Payment Charges, a daily accrual calculated according to the Master Progress Payment Agreement. Defendants argue that a post-judgment interest rate was not provided for by contract and that the Progress Payment Charges are not agreed upon interest payments.

Section 28 U.S.C. § 1961(a) states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in district court . . . interest shall be calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield[.]" The Tenth Circuit recognizes that parties may agree to a post-judgment interest rate

---

[2]Docket No. 42 at 4.

other than that specified by § 1961 "through clear, unambiguous and unequivocal language."[3]
Citing *Westinghouse,* the Tenth Circuit states that when final judgment for the payment of money
is rendered, "the original claim is extinguished, and a new cause of action on the judgment is
substituted for it."[4]  In that case, the parties contracted to a 15.5 percent yearly interest rate that
applied to any unpaid contract amount and the Court rejected Plaintiff's contention that rate
should also be the post-judgment interest rate.[5]

This case is similar to *Westinghouse*.  The Progress Payment Charges are the interest that
accrued on any unpaid balance.  The contract did not include "clear, unambiguous or
unequivocal language" regarding post-judgment interest.  When judgment was entered, the
original claims were extinguished, and a new cause of action was substituted.

The Court finds that the Progress Payment Charges that were included in the judgment
are correct.  The Court further finds that while those payments are pre-judgment interest, the
language of the agreement did not clearly indicate that the same rate should apply post-judgment.
Therefore, the post-judgment interest rate will be calculated according to § 1961.

2. *Security Deposit*

Defendant contends that the Security Deposit should be applied to the total Progress
Payments on June 30, 2006, the date Defendant contends the funds first became available to
Mazuma, resulting in a reduction of the amount of daily Progress Payment Charges due.

---

[3]*Soc'y of Lloyd's v. Reinhart*, 402 F.3d 982, 1004 (10th Cir. 2005) (quoting *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 101 (2d Cir. 2004)).

[4]*Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 102 (2d Cir. 2004) (internal quotations omitted).

[5]*Id*. at 102.

4

Defendant contends that there was an agreement between parties that Republic "could 'immediately' apply the security deposit in the event of default."[6]  However, Defendant fails to cite to any such agreement.  Moreover, the language cited by Defendant indicates that Republic *could* apply the security deposit, not that it *must* be applied.  Defendant also contends that Republic was under a duty to mitigate damages and was, therefore, immediately obligated to apply the security deposit.  Plaintiff and Third-Party Defendant argues that because Defendant denied any default existed until the Court's ruling, it is not now entitled to require Republic to apply the deposits retroactively.  Further, Plaintiff and Third-Party Defendant argue that there is no requirement under the law to apply the deposit on June 30, 2006.

Section 70A-9-501 of the Uniform Commercial Code states that "[a]fter default, a secured party . . . may reduce his claim to judgment, foreclose or otherwise enforce the security interest . . . by any available judicial procedure."[7]  Courts that "have considered creditor's rights under the [UCC] have consistently interpreted this section to allow the secured party a broad choice of remedies, and not as a limitation."[8]

The Court finds that the Security Deposit was appropriately applied to the total outstanding obligation as of the date of this Court's Order because Republic was not required to apply the funds at an earlier date under the law and default was not established until that date.

## IV.  Conclusion

Of the five changes, two are stipulated (the mathematical error and the Final Month's

---

[6]Def.'s Reply Mem. at 3 (Docket No. 48).

[7]U.C.A § 70A-9a-601(1)(a).

[8]*Kennedy v. Bank of Ephraim*, 594 P.2d 881, 884 (Utah 1979).

Rent Deposit).  Defendant AMTEC did not respond to the additional attorney's fees, therefore, the Court finds that amendment to be stipulated also.  The post-judgment interest does not appear to have been clearly agreed-upon, thus, any post-judgment interest would be calculated under § 1961.  The Security Deposit should not be applied to the outstanding obligation as of June 30, 2006, but should be applied to obligation as of date of entry of judgment.  Amended judgment should be entered for Plaintiff for the following:

1)  the entire amount of Progress Payments made or $875,455.40;

2)  Progress Payment Charges in the amount of $514,013.17;

3)  Illinois State Sales Tax in the amount of $37,466.00;

4)  Attorneys' fees in the amount of $29,295.50;

5)  less the security deposit amount of $277,885.40;

for an amended total of $1,178,344.67.  It is therefore

ORDERED that Plaintiff and Third-Party Defendant's Motion to Amend or Alter Judgment (Docket No. 41) is GRANTED in part and DENIED in part.  It is further

ORDERED that Defendant's Motion to Amend or Alter Judgment (Docket No. 44) is GRANTED in part and DENIED in part.

DATED   November 6, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge