IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| REPUBLIC BANK,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>AMTEC PRECISION PRODUCTS, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO ALLOW REGISTRATION OF JUDGMENT IN OTHER DISTRICTS<br><br><br><br><br><br>Case No. 1:06-CV-112 TS |

This motion comes before the Court on Plaintiff Republic Bank's Motion to Allow Registration of Judgment in Other Districts.[1] For the reasons discussed below, this motion will be granted.

I.      Factual Background and Procedural History

Plaintiff Republic Bank ("Republic") filed this suit to collect amounts owned by Defendant AMTEC Precision Products, Inc. ("AMTEC") under a Master Progress Payment Agreement and related documents.  AMTEC entered into a lease agreement with Mazuma Capital Corporation ("Mazuma"),  Republic's predecessor in interest,  for certain equipment.

---

[1]Docket No. 58.

After removal to this Court, AMTEC served a third-party complaint against Mazuma, alleging breach of the Master Progress Payment Agreement and related agreements by Mazuma.

The Clerk of this Court entered judgment in favor of Republic on November 6, 2007.[2] On November 27, 2007, AMTEC filed a Notice of Appeal.[3] On January 9, 2008, Republic filed the instant motion, requesting leave to register the Judgment of this Court in other districts, specifically, the Northern District of Illinois. Republic also filed a Motion to Expedite Hearing,[4] requesting an expedited hearing because Republic is unable to protect its Judgment or its equipment until it is able to execute on its Judgment.

II. Discussion

Pursuant to 28 U.S.C. § 1963, a judgment obtained in district court may be registered in any other district, "when judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." While the Tenth Circuit has not spoken regarding what constitutes good cause in this setting, other courts have stated that the "good cause requirement may be satisfied if the judgment debtor has substantial property in a foreign district and insufficient property in the rendering district to satisfy the judgment."[5]

    1. *Good Cause*

Republic argues that good cause exists in this case because AMTEC has substantial

---

[2]Docket No. 53.

[3]Docket No. 54.

[4]Docket No. 60.

[5]*Schreiber v. Kellogg*, 839 F. Supp. 1157, 1162 (E.D. Pa. 1993) (citing *Assoc.'d Bus. Tel. Sys. Corp. v. Greater Capital Corp.*, 128 F.R.D. 63, 66 (D.N.J. 1989).

property at its place of business in Illinois, demonstrated by Progress Payment Certificates executed by AMTEC and the Master Lease, in which AMTEC indicates that the equipment in question would remain at AMTEC's place of business in Illinois. Republic further asserts that because AMTEC denied transacting business in Utah and denied that it was subject to jurisdiction, AMTEC was essentially claiming that it had no assets in this District. AMTEC argues that Republic has not shown that good cause exists to allow registration during the pending appeal because Republic's assertion are based on mere speculation.

The Court finds that Republic has adequately demonstrated good cause such that registration in other districts is permissible. The equipment leased by AMTEC, which is the basis for this litigation, is located in Illinois, by AMTEC's own admissions contained in the Master Lease Agreement and the Progress Payment Certificates. AMTEC's principle place of business is Illinois and AMTEC does not dispute that the equipment is in fact located in Illinois, only that Republic has failed to adequately demonstrate that fact. Republic is not required to conclusively prove that AMTEC has sufficient assets in another jurisdiction.[6] Republic's assertions regarding the location of AMTEC's assets are based on AMTEC's own statements, not mere speculation.

   2.  *Ownership Interest in the Equipment*

In its opposition brief, AMTEC claims that because Republic has asserted its ownership rights under the Master Lease Agreement, it cannot now use those assets as a basis to allow registration in Illinois and that because other creditors hold superior interests in that equipment, it

---

[6]*See id*. (good cause met by defendant's failure to contest plaintiff's assertion of insufficient assets in rendering jurisdiction or that defendant has substantial assets in foreign jurisdiction).

is unavailable for execution by Republic.  Republic asserts that actual ownership of the equipment and others' interests in the equipment are irrelevant to the issue of registration.  Both parties cite several provisions of the Utah Code in support of their respective positions.

The Court finds that determining superiority of any lien that may arise from the registration of judgment in a foreign district is not a prerequisite to allowing such registration.  A showing of good cause is the only requirement under 28 U.S.C. § 1963 to allow registration pending appeal.

IV.     Conclusion

For the reasons discussed above, the Court finds that Republic has demonstrated good cause for registration of judgment in a foreign district pending appeal.  It is therefore

ORDERED that Plaintiff's Motion to Allow Registration of Judgment in Other Districts (Docket No. 58) is GRANTED.  It is further

ORDERED that Plaintiff's Motion to Expedite Hearing (Docket No. 60) is DENIED as moot.

DATED   February 12, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge